UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 15-CV-06004 RGK (AGR) | Date | July 27, 2016 |
|---|---|---|---|
| Title | *Howard L. Baldwin, et al., v. United States of America* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Defendant's Motion for Summary Judgment**

## I. INTRODUCTION

On August 7, 2015, Howard and Karen Baldwin ("Plaintiffs") filed an action against the United States of America ("Defendant"). The Complaint seeks the refund of income taxes wrongfully denied to Plaintiffs by the Internal Revenue Service ("IRS").

On June 16, 2016, Defendant filed this Motion for Summary Judgment arguing that because Plaintiffs cannot meet their burden to show a waiver of sovereign immunity, the Court must dismiss the case for lack of personal jurisdiction.

For the following reasons the Court **DENIES** Defendant's Motion for Summary Judgment.

## II. STATEMENT OF FACTS

The following facts are undisputed:

On October 24, 2006, the IRS received Plaintiffs' individual income tax return form and payment of the full $170,951 in liability for the tax year 2005 ("2005 Return"). (Greene Decl. Exs. D and F, ECF No. 27-3.) For tax year 2007, Plaintiffs requested and were granted an extension of time to file their return until October 15, 2008. *Id*. On November 1, 2010, the IRS received Plaintiffs' individual income tax return form for tax year 2007 ("2007 Return"), indicating a net operating loss for that year. *Id*. Plaintiffs then prepared an amended individual income tax return ("Amended Return"), claiming the 2007 net operating loss ("NOL") as a carry back deduction for the tax year 2005 and a refund in the amount of $170,951. *Id*. On June 21, 2011, Plaintiffs' assistant sent the Amended Return to the IRS via

regular mail. *Id*. The IRS records do not reflect that the Amended Return was ever received, nor that any return claiming a refund for tax year 2005 was postmarked, delivered, or filed by October 15, 2011. *Id*. The IRS denied Plaintiffs' refund claim on August 12, 2013, and Plaintiffs brought this suit against the IRS on August 7, 2015. *Id*.

### III.  JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and … the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon such a showing, the court may grant summary judgment on all or part of the claim. *Id*.

To prevail on a summary judgment motion, the moving party must show that there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party need only show that there is an absence of evidence to support the non-moving party's case. *See id*.

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *Id*. at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex* 477 U.S. at 324.

### VI.  DISCUSSION

At the nexus of Defendant's motion is the contention that because Plaintiffs failed to prove a waiver of sovereign immunity, the Court lacks personal jurisdiction.

As a sovereign, the United States may not be sued without its consent, and that consent defines the court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990). A waiver of sovereign immunity must be "unequivocally expressed" through a Congressional statute, *United States v. Testan*, 424 U.S. 392, 399 (1976), and that statute must be strictly construed against the surrender of sovereign immunity. *Safeway Portland Emp. Federal Credit Union v. Federal Deposit Ins. Corp.*, 506 F.2d 1213, 1216 (9th Cir. 1974).

Congress has granted this Court jurisdiction over claims against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected. 28 U.S.C. § 1346(a)(1). "Despite its spacious terms, § 1436(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *Dalm*, 494 U.S. at 601. The Internal Revenue Code ("IRC") lays out three requirements, all of which must be met, for a proper waiver of sovereign immunity with regard to suits for the recovery of refunds. First, the IRC bars a suit for the recovery of a refund until the taxpayer has fully paid his tax for the year in question. *Flora v. United States*, 362 U.S. 145, 176 (1960). Second, no suit for recovery of a refund may be initiated unless a claim for a refund was timely filed. 26 U.S.C. § 7422(a). Third, a suit proceeding under § 7422 may not be filed within 6 months from the date of filing the refund claim, or more than two years from the date the IRS denied the claim. 26 U.S.C. § 6532(a)(1).

Here, Plaintiffs fully paid the tax liability of $170,951 for tax year 2005. (Greene Decl. Exs. D and F, ECF 27-3.) Furthermore, the IRS denied Plaintiffs' refund claim on August 12, 2013, and Plaintiffs filed their refund suit less than two years later, on August 7, 2015. (*Id*.) In light of these facts,

the Court finds that Plaintiffs have fulfilled the first and third requirements for a waiver of sovereign immunity.

With respect to the second requirement, however, Defendant contends that Plaintiffs did not timely file their claim for a refund and thus failed to prove a waiver of sovereign immunity. The Court disagrees and finds that Plaintiffs provide sufficient evidence to show a triable issue of material fact with respect to the timely filing of their refund claim.

**Timely Filing of Refund Claims**

To claim a refund arising from an overpayment attributable to a net operating loss ("NOL"), a taxpayer must file a claim for a refund within "3 years after the time prescribed by law for the filing of the return (including extensions thereof) for the taxable year of the NOL." 26 U.S.C. § 6511(d)(2)(A).

Here, Plaintiffs contend they mailed the Amended Return on June 21, 2011, thereby timely filing their claim for the 2007 NOL as a carryback deduction and a refund in the amount of $170,951. (Greene Decl. Exs. D and F, ECF No. 27-3.) In support, Plaintiffs testify that they mailed the Amended Return on June 21, 2011, and provide a declaration from a former assistant who claims to have applied the appropriate postage and deposited the Amended Return at the post office on the date in question. (Lynch Decl. Ex. B, ECF No. 30.) Defendant responds that Plaintiffs' evidence is inadmissible. Defendant argues therefore, that because the IRS never received the Amended Return, Plaintiffs cannot raise a triable issue as to its filing.

Accordingly, the Court addresses the admissibility of Plaintiffs' evidence, and the sufficiency of that evidence.

1. *Admissibility of Extrinsic Evidence*

In the event the IRS does not receive a return, the common law provides that proof of timely mailing of the return raises a rebuttable presumption that it was timely received. *Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992) (citing *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884)); *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001). Like any rebuttable presumption, it is chiefly a "tool for determining, in the face of inconclusive evidence, whether or not receipt has actually been accomplished." *Id*. Under IRC § 7502, however, a taxpayer may *conclusively* establish receipt of a return by presenting proof of registered or certified mail as evidence. 26 U.S.C. § 7502(c). In the Ninth Circuit, when no such evidence exists, a taxpayer may introduce extrinsic and circumstantial evidence of mailing for the purposes of establishing a presumption of receipt. *Anderson*, 966 F.2d at 491.

In 2011, the Treasury Department amended its regulations related to § 7502(c), making registered or certified mail receipts the *only* evidence that can conclusively *or* presumptively establish receipt of a return not actually received. 26 CFR 301.7502-1(e). This regulation is in direct conflict with Ninth Circuit precedent, which allows credible extrinsic evidence of mailing to create a presumption of receipt under § 7502(c). Defendant contends that under the *Chevron* deference test, the Court must defer to the agency's regulation.

In *Chevron, U.S.A., Inc., v. NRDC, Inc.*, 467 U.S. 837, 842-43 (1984), the Supreme Court laid out a two-step analysis to determine whether a court should defer to an agency's statutory interpretation. First, the court must determine if Congress has clearly and unambiguously expressed its intent through the statute. *Id*. If the statute is unambiguous, the court need not give any deference to the agency regulation. *Id*. If the statute is ambiguous, however, the court must defer to all reasonable agency interpretations of that statute. *Id*. at 843. Furthermore, any prior judicial constructions of that statute are

superseded by reasonable agency interpretations of ambiguous statutes. *Nat'l Cable & Telecomm. Ass'n. v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005).

A statute is ambiguous if Congress either explicitly or implicitly left room for agency interpretation. *Chevron* 467 U.S. at 843-44. An example of an explicit authorization is found in § 7502 itself. The statute explicitly authorizes the Treasury Secretary to create regulations to determine whether postmarks made by delivery services other than the United States Postal Service qualify as postmarks for the purposes of the statute. 26 U.S.C. § 7502(b). Implicit authorization is present where Congress remains silent as to the definition of a statutory term. *Chevron* 467 U.S. at 844. For example, in *Chevron*, the EPA interpreted the definition of the statutory term "stationary source," 467 U.S. at 839; and, in *Brand X*, the Federal Communications Commission interpreted the statutory term "telecommunications service." 545 U.S. at 974. In both instances, however, the statutory terms were considered ambiguous, thus leaving room for varying interpretations of their meaning or application.

Here, the Court finds no statutory ambiguity. Congress did not explicitly authorize the Treasury to interpret what constitutes evidence. As evidenced by other sections of the statute, it is clear that Congress knows how to explicitly authorize agency interpretations when it intends to do so. *See generally* 26 U.S.C. § 7502(b) (statute explicitly authorizes the Treasury Secretary to create regulations to determine whether postmarks made by delivery services other than the United States Postal Service qualify as postmarks for the purpose of § 7502). Accordingly, the Court finds its silence instructive. Nor has Congress implicitly left room for agency interpretation, as there is no ambiguous statutory term that has been left undefined.

Based on the foregoing, the Court finds that the Treasury Department's 2011 amendment materially alters an otherwise clear statute. When Congress enacted § 7502(c), it intended to alleviate the hardship of postal service malfunctions by giving taxpayers a means to *conclusively* establish the IRS' receipt of a return with proof of certified or registered mail. While the statute made the proof of certified or registered mail sufficient evidence to *conclusively* establish a receipt of the return, there is no indication that it intended to foreclose other evidentiary means that might assist in establishing a presumption of delivery.

The Court finds that § 7502 is not ambiguous, and therefore the Court need not proceed to the second step of the *Chevron* analysis. Accordingly, no deference shall be granted to the Treasury Department's interpretation of the statute. The Court next considers Plaintiffs' testimony and the declaration of their former assistant in determining the sufficiency of Plaintiffs' evidence.

2.  *The Sufficiency of Plaintiffs' Evidence*

If a taxpayer furnishes credible evidence of the date on which her return was postmarked and mailed to the IRS, that date controls. *Lewis v. United States*, 144 F.3d 1220, 1223 (9th Cir. 1998). In the Ninth Circuit's seminal case on the admissibility of extrinsic evidence for purposes of § 7502, a taxpayer's testimony, in addition to a corroborating affidavit, was sufficient to prove that a tax return was postmarked and mailed on the alleged date. *Anderson* 966 F.2d at 491.[1] Furthermore, in *Lewis*, a taxpayer provided credible evidence that the return was mailed on the date alleged when he produced not only its own sworn testimony, but also three signed and dated checks received by the IRS and bearing the postmark date. 144 F.3d at 1223.

---

[1] The affidavit declared that she went to the post office with the taxpayer and waited for her in the car. *Id*. at 489. The taxpayer returned to the car without the envelope containing the tax return. *Id*.

      Here, Plaintiffs provide not only their own sworn testimony that the Amended Return was mailed on June 21, 2011, but also a sworn affidavit from their former assistant. This affidavit details how the assistant placed the Amended Return in an envelope addressed to the IRS, placed the appropriate postage on the envelope, and deposited it in the mail. (Lynch Decl. Ex. B, ECF No. 30.) To rebut this presumption, the government offers IRS records that reflect that the Amended Return was never received. (Greene Decl. Exs. D and F, ECF No. 27-3.) The credibility of each party's evidence is for a jury to weigh, and is not a determination made at summary judgment. The Court does find, however, that Plaintiffs have shown a triable issue of material fact as to the timely mailing of the Amended Return.

## V.    CONCLUSION

      Plaintiffs have provided sufficient evidence to show a triable issue of material fact with respect to the timely filing of their refund claim. Therefore, a triable issue exists as to Defendant's waiver of sovereign immunity in this case.

      For these reasons, the Court **DENIES** Defendant's Motion for Summary Judgment.

      **IT IS SO ORDERED.**

            :

**Initials of Preparer**