UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-6004-RGK-AGR | Date | January 24, 2017 |
|---|---|---|---|
| Title | *Howard L. Baldwin et al v. United States of America* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Charles A. Rojas | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order re: Motion for Attorney's Fees (DE 79)

## I. INTRODUCTION

On December 2, 2016, following a bench trial, the Court issued its Opinion declaring Howard and Karen Baldwin ("Plaintiffs") to be the prevailing parties. The Court entered judgment in the Baldwin's favor, and against United States of America ("Defendant"), in the amount of $167,663.00.

Present before the Court is Plaintiffs' Motion for Attorney's Fees and Costs. For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II. STATEMENT OF FACTS

The Court found the following facts were proven at trial by a preponderance of the evidence:

On October 24, 2006, the IRS received Plaintiffs' individual income tax return form, and payment of the full $170,951 in tax liability for 2005 ("2005 Return"). For tax year 2007, Plaintiffs requested and were granted an extension of time to file their return. On November 1, 2010, the IRS received Plaintiffs' income tax return form for 2007 ("2007 Return"), showing a net operating loss.

Plaintiffs later prepared an amended individual income tax return ("Amended Return") on a Form 1040X, claiming the 2007 net operating loss ("NOL") as a carry back deduction for the tax year 2005, and calculated that they are owed a refund in the amount of $167,663.

Plaintiffs had sufficient losses from Baldwin Entertainment Group LTD included on their 2007 Return to entitle them to a refund in the amount of $167,663 when carried back to tax year 2005. Plaintiffs also had sufficient tax basis in Baldwin Entertainment Group LTD to deduct losses on their 2007 Return that would allow for a refund in that amount.

On June 21, 2011, Plaintiffs' assistant, Ryan Wuerfel, mailed the Amended Return to the IRS via regular mail at the Hartford post office. The Amended Return was mailed in a green and white envelope, which was addressed to the IRS service center in Andover, MA. The Amended Return would have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-6004-RGK-AGR | Date | January 24, 2017 |
|---|---|---|---|
| Title | *Howard L. Baldwin et al v. United States of America* | | |

arrived at the IRS service center in the ordinary course well before the October 15, 2011 deadline. While the IRS Form 1040X instructions indicated that the Amended Return should have been sent to the service center in Kansas City, MO, the Andover service center would have forwarded the Amended Return to Kansas City in the ordinary course of operations. IRS records do not reflect that the Amended Return was ever received by either service center, but the IRS offered no affirmative evidence calling into question that Plaintiffs mailed the Amended Return on June 21, 2011. Plaintiffs' evidence that the Amended Return was indeed mailed on that date was credible.

When Plaintiffs later inquired about the status of their refund claim, the IRS looked into the matter. The IRS never asked Plaintiffs for documentation to support their claim for refund during the administrative consideration of their claim, and at no time during the process did the IRS challenge the validity of the claim for refund. The IRS ultimately denied Plaintiffs' refund claim on August 12, 2013, however, because they contended that the claim had not been timely filed.

The Baldwins ultimately prevailed at trial, and were awarded a $167,663 refund.

### III. JUDICIAL STANDARD

Under 28 U.S.C. § 7430, a plaintiff may seek attorney's fees in a tax refund suit against the United States when: (1) plaintiff was the substantially prevailing party, (2) plaintiff exhausted his administrative remedies prior to bringing the lawsuit, (3) plaintiff did not unreasonably protract the litigation, (4) plaintiff's net worth did not exceed two million dollars at the time the action was filed, and (5) the United States cannot prove that its position was substantially justified. The United States bears the burden of proving that its position was substantially justified. 28 U.S.C. § 7430(c)(4)(B)(i).

### IV. DISCUSSION

#### A. Elements 1–4: Prevailing Party, Exhaustion, Protraction, and Net Worth

The Court finds (and Government does not challenge) that Plaintiffs meet the first four elements of § 7430's test. Plaintiffs prevailed at trial, exhausted their administrative remedies with the IRS before filing suit, litigated the case with reasonable efficiency, and did not exceed the net-worth cap.

#### B. Element 5: Substantial Justification

The Government argues, however, that its litigation position was substantially justified, and that therefore Plaintiffs are not entitled to an award of attorney's fees and costs.

The Government bears the burden of proving that its position was substantially justified, and the test for determining substantial justification is "whether a reasonable person would think the government's position was reasonable." *Lewis v. United States*, 144 F.3d 1220, 1222 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-6004-RGK-AGR | Date | January 24, 2017 |
|---|---|---|---|
| Title | *Howard L. Baldwin et al v. United States of America* | | |

The Government argues that it was reasonable for it to have taken the position that 26 U.S.C. § 7502, and the corresponding section of the Internal Revenue Code, preclude a taxpayer from relying on the common law mailbox rule to prove the IRS's receipt of a tax return. The Government cites regulatory language and several cases from different circuits to show that this was a reasonable position. *See, e.g.*, *Maine Medical Center v. United States*, 675 F.3d 110, 118 (1st Cir. 2012).

As the Court noted in its denial of summary judgment, however, the Ninth Circuit has held that Congress did not intend to displace the common law mailbox rule when it enacted § 7502. *See Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992). While the Government notes correctly that there has been an intervening change in IRS regulations since *Anderson*, agencies like the IRS are powerless to modify Congressional intent. At least under the Ninth Circuit's reasoning, no amount of new IRS rulemaking could transform § 7502 into a statute that displaces the common law mailbox rule.

Since reasonable judges outside the Ninth Circuit disagree on § 7502's effect on the common law mailbox rule, however, and because of the intervening regulatory changes, the Court concludes that the Government's position was reasonable, at least at the outset of this litigation. Once the Court denied the Government's Motion for Summary Judgment on this issue, however, and clarified the state of the law in the Ninth Circuit, this position became unreasonable.

The Government nevertheless moved forward to trial with a new legal theory: that the Baldwins had failed to substantiate their deduction, a position that the IRS had never taken before (not even during the prior administrative proceedings). The Government further decided to contest whether Plaintiffs had ever mailed their refund, despite presenting no affirmative evidence reasonably disputing this fact. The Government further argued over technicalities regarding the proper place to mail a return, despite the IRS's own regulations at the time offering conflicting instructions on this issue, and the fact that the IRS regularly forwards misdirected returns to the proper processing center.

The Court finds that the Government's position in the present litigation was substantially justified up until the point that the Court ruled on summary judgment against the Government's original theory of the case. After that point, the Government's litigation position became unreasonable. Therefore, following the unsuccessful settlement conference held just after the Court denied summary judgment, the Government's position moving forward was no longer substantially justified.

The Court thus concludes that Plaintiffs are entitled to recover their attorney's fees and costs incurred after the settlement conference held on September 13, 2016.

C. **Attorney's Fees Rate**

The statutory rate for attorneys' fees incurred in 2015 and 2016 was $200 per hour. *See* Rev. Proc. 2015-53, 2015-44, I.R.B. 615; Rev Proc. 2014-61, 2014-47 I.R.B. 860. Plaintiffs argue, however, that they are entitled to a special adjustment, which would increase the statutory fees to $350 per hour.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-6004-RGK-AGR | Date | January 24, 2017 |
|---|---|---|---|
| Title | *Howard L. Baldwin et al v. United States of America* | | |

Plaintiffs argue that a special adjustment is warranted whenever an attorney has distinctive knowledge or specialized skill necessary to the litigation, citing *Pierce v. Underwood*, 487 U.S. 552 (1988). Plaintiffs argue that because their attorneys were tax specialists, and this special skill was certainly needed in the present case, they are entitled to the higher attorney's fee rate.

Plaintiffs are mistaken, however, about *Pierce*'s applicability. *Pierce* dealt with attorney's fees under the Equal Access to Justice Act, *not* fees in tax cases under § 7430. It is a near certainty that an attorney trying a tax case will have expertise in tax law. This fact cannot, therefore, serve as a "special factor" warranting a fee adjustment. Holding otherwise would render the statutory cap meaningless in tax cases, and take away the "specialness" of the "special factor" adjustment.

Accordingly, the Court finds that the statutory rate of $200 per hour is appropriate.

### D. Attorney's Fees and Cost Calculations

The Court has reviewed Plaintiffs' attorneys' billing statements, and determined the amount of hours spent and costs incurred after the September 13, 2016 settlement conference. The Court's totals are summarized below:

```
Steven J. Lynch, Esq.:
    Fees: 64 hours @ $200/hour         $ 12,800.00
    Costs:                             $  2,590.93
Chamberlin & Keaster LLP:              ----------------
    Fees: 49 hours @ $200/hour         $  9,800.00
    Costs:                       +     $    324.07
                                       =========
TOTAL:                                 $ 25,515.00
```

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Attorney's Fees and Costs. The Court thereby **ORDERS** Defendant United States of America to pay for Plaintiffs' reasonable attorney's fees and costs in the amount of **$25,515.00**.

**IT IS SO ORDERED.**

| | Initials of Preparer | cr |
|---|---|---|